IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NETWORK ACCELERATION TECHNOLOGIES, LLC

Plaintiff,

v.

HUGHES NETWORK SYSTEMS, LLC

Defendant.

Civil Action No. ____________

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Network Acceleration Technologies, LLC ("NAT" or "Plaintiff"), by way of Complaint against the above-named Defendant ("Hughes" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff NAT is a limited liability company organized under the laws of the State of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant Hughes is a corporation organized under the laws of the State of Delaware with its principal place of business at 11717 Exploration Lane, Germantown, MD 20876.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. On information and belief, Defendant is subject to the jurisdiction of this Court because it is incorporated in this State. Moreover, on information and belief, Defendant has engaged in acts of patent infringement which have been committed in this Judicial District, and has regularly conducted and systematic business contacts in this State. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,091,710

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On July 18, 2000, United States Patent No. 6,091,710 ("the '710 Patent"), entitled "System and Method for Preventing Data Slow Down over Asymmetric Data Transmission Links," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '710 Patent is attached as Exhibit A to this Complaint.

10. NAT is the assignee and owner of the right, title and interest in and to the '710 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '710 Patent by providing and using products and services that practice the subject matter claimed in one or more claims of the '710 Patent in the United States, including within this Judicial District, without the authorization of NAT. These products and services include without limitation Hughes' products that implement the TCP Performance Enhancing Proxy feature, including the HN- and HX-series routers, Hughes's network and network services that employ these routers, and Hughes' marketing, consulting, and support services provided for those these products and services (collectively, "Accused Services and Products").

12. NAT provided actual notice to Defendant of its infringement of the '710 Patent in a letter sent by certified mail on November 15, 2012. Defendant has had actual knowledge of the '710 Patent and its infringement of that patent since at least the date Defendant received the November 15, 2012 letter.

13. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of at least one claim of the '710 Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '710 Patent, and have no substantial non-infringing uses.

14. In particular, the Accused Services and Products constitute a material part of the claimed invention at least because they implement an intermediate node that forwards a smaller number of acknowledgement packets ("ACKs") than it receives. This ACK reduction feature is used by Defendant's partners and customers to perform all of the steps recited in at least one claim of the '710 Patent. The Accused Services and Products were made or especially adapted for use in an infringement of the '710 Patent and have no substantial non-infringing uses because they contain components whose only purpose is to practice the claimed method of reducing the number of ACK packets. The use of the ACK reduction feature by Defendant's partners and customers constitutes direct infringement of at least one claim of the '710 Patent. Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from NAT notifying Defendant that such activities infringed the '710 Patent.

15. Upon information and belief, Defendant has induced and continues to induce others to infringe at least one claim of the '710 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '710 Patent.

16. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing instruction materials, training, and consulting services regarding the Accused Services and Products. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '710 Patent and that its acts were inducing its

customers to infringe the '710 Patent since at least the date it received the notice letter from NAT notifying Defendant such activities infringed the '710 Patent.

17. Despite NAT's notice regarding the '710 Patent, Defendant has continued to infringe the '710 Patent. On information and belief, Defendant's infringement has been and continues to be willful.

18. NAT has been harmed by Defendant's infringing activities.

## JURY DEMAND

NAT demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, NAT respectfully requests that this Court enter judgment for NAT and against Defendant as follows:

a. An adjudication that Defendant has infringed the '710 Patent;

b. An award of damages to be paid by Defendant adequate to compensate NAT for Defendant's past infringement of the '710 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding NAT attorney fees under 35 U.S.C. §285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated: November 30, 2012

STAMOULIS & WEINBLATT LLC

*<u>/s/ Stamatios Stamoulis</u>*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Network Acceleration Technologies, LLC*